UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SLOAN'S CLEMATIS, INC., f/k/a
SLOAN'S INC., a Florida Corporation,

        Plaintiff,

v.

        Case No.

FORK & KNIFE, LLC, a Massachusetts
Limited Liability Company,

        Defendant.

# COMPLAINT

Plaintiff, SLOAN'S CLEMATIS, INC., f/k/a SLOAN'S INC., ("PLAINTIFF" or "SLOAN'S") by and through undersigned counsel, hereby files this Complaint against Defendant, Fork & Knife, LLC, ("DEFENDANT") for injunctive relief and damages and states as follows:

1. PLAINTIFF is the owner and operator of the internationally known restaurant chain "SLOAN'S" which was established in 1999.

2. SLOAN'S currently has nine brick-and-mortar locations throughout the United States and continues to grow and expand.

3. SLOAN'S owns U.S. Trademark Registration Nos. 3666434 ("434 Word Mark"), 2523569 ("'569 Stylized Mark"), and 4098741 ("'741 Graphic Mark") and has been using its trademarks in conjunction with the goods and services[1] in international classes 030[2], and 043[3], for nearly twenty-five years.

---

[1] These trademarks are also registered in class 025 and 035 which are not at issue in this matter.
[2] Class 030 for frozen desserts, namely sorbet, ice cream, and frozen yogurt; bakery goods, namely cookies, pastries and candy; chocolate; chocolate covered nuts; chocolate covered pretzels.
[3] Class 043 for carry out and eat-in restaurants featuring ice cream, desserts and snack food.

4. SLOAN's has gained international recognition and has invested significant time and money in building and protecting its brand and the associated goodwill.

5. In approximately August of 2023, Defendant opened a restaurant known as "Sloane's" in Allston, Massachusetts, ("Defendant's Restaurant").

6. Defendant's Restaurant utilizes "Sloane's" which is a near <u>identical</u> version of Plaintiff's trademark ("Infringing Use").

7. Defendant's Restaurant also uses a near <u>identical</u> font that Plaintiff features in its '569 Stylized Mark, and '741 Graphic Mark.

8. Further, Defendant's Restaurant expressly features homemade funfetti cakes as well as homemade ice cream – each of which are within Plaintiff's registered goods and services and the exact goods and services Plaintiff has become internationally recognized for selling.

9. Plaintiff attempted to remedy the outstanding issues prior to seeking court intervention but was continuously ignored and Defendant and Defendant's Restaurant continued to willfully infringe on Plaintiff's intellectual property rights.

## PARTIES

10. Plaintiff, SLOAN's, is a Florida Corporation with its principal place of business located at 112 Clematis Street, West Palm Beach, Florida 33401.

11. Defendant is a Massachusetts Corporation with a principal place of business located at 197 N. Harvard Street, Allston, Massachusetts 02134.

12. Defendant owns and operates Defendant's Restaurant which has a physical location of 197 N. Harvard Street, Allston, Massachusetts 02134.

## JURISDICTION AND VENUE

13. This is an action for (i) trademark infringement under 15 U.S.C. § 1114 of the Lanham Act and (ii) unfair competition and false description under 15 U.S.C. §1125(a) of the Lanham Act.

14. This Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1338, and 1367 as this action arises under Acts of Congress relating to trademarks and the claims for unfair competition under state law are joined with substantial and related claims brought under trademark laws.

15. Further, this Court has jurisdiction under 28 U.S.C. §1332 as Plaintiff is domiciled in the State of Florida while Defendant is a Massachusetts Corporation and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

16. This Court has personal jurisdiction over Defendant as it is a registered entity within the State of Massachusetts.

17. Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## BACKGROUND FACTS

**A.    Plaintiff's Background and Trademarks**

18. Plaintiff owns and operates an internationally known novelty ice cream company that provides nationwide shipping as well as physical locations throughout the United States.

19. In addition to its landmark locations, Plaintiff also has numerous franchise locations throughout the world and is constantly expanding into new markets within the United States.

20. Plaintiff registered the '434 Word Mark, '569 Stylized Mark, and '741 Graphic Mark, (Collectively "Trademarks") beginning in 1999 and has continuously used each of the Trademarks in commerce.

21. Plaintiff is known in the restaurant and food industries both nationally and internationally for its numerous flavors and award-winning ice cream, extravagant sundaes, desserts, snacks and treats.

### B. Defendant's Infringing Use of Trademarks

22. Defendant has opened Defendant's Restaurant and advertised homemade ice-cream and dessert menus in conjunction with the Infringing Use. *Exhibit A.*

23. Further, Defendant's Restaurant has adopted a stylized version of the Infringing Use which is substantially similar to the font utilized by Plaintiff for more than 20 years.

24. On or about April 1, 2024, counsel for Plaintiff sent a cease-and-desist letter to Defendant advising Defendant and Defendant's Restaurant of its infringing use and requested Defendant cease all Infringing Use of the Trademarks. *Exhibit B.*

25. On or about April 4, 2024, this aforementioned letter was delivered, and a courtesy copy was also sent via email to info@sloanesboston.com, the email address listed on Defendant's website. *Exhibit C.*

26. Defendant, nor a representative for Defendant, ever provided a response.

27. On or about May 29, 2024, in a good faith effort to avoid litigation, Plaintiff sent a second and final letter to Defendant and Defendant's Restaurant again requesting the Infringing Use immediately desist. *Exhibit D.*

28. On or about June 1, 2024, this second letter was delivered, and a courtesy copy was also sent via email on June 18, 2024 to info@sloanesboston.com, the email address listed on Defendant's website. *Exhibit E.*

29. Again, no response was ever received.

30. Defendant and Defendant's Restaurant's continued use of the Trademarks has been willful.

31. Defendant is attempting to capitalize on the long-standing goodwill and international fame of Plaintiff's Trademarks.

32. In a simple Google search of the term "Sloan's Boston Ice Cream" Defendant's Restaurant comes up along with Plaintiff's business. *See Exhibit F*.

33. Defendant's unlawful conduct has caused and will continue to cause irreparable harm to Plaintiff for which there is no adequate remedy at law.

34. Plaintiff has retained the undersigned counsel and agreed to pay reasonable attorneys' fees and costs for their services.

35. All conditions precedent to the bringing of this action have occurred, been waived, or have been performed.

## COUNT I
## TRADEMARK INFRINGEMENT
**(15 U.S.C. § 1114)**

36. Plaintiff reasserts and realleges paragraphs 1-35 as if fully stated herein.

37. This is an action for federal trademark infringement against Defendant regarding its use of Plaintiff's Trademarks.

38. Defendant's use of the Trademarks in connection with frozen desserts, namely ice cream, bakery goods and carry-out and eat-in restaurants among other goods and services is likely to cause significant consumer confusion as to the source of the goods.

39. Defendant and/or its agents authorized, condoned, directed, and participated in the decision to utilize the Trademarks in connection with the registered goods and services – even after notice of the registered Trademarks was provided, thus all continued use is willful.

40. Defendant's actions, as set forth herein, constitute infringement of Plaintiff's trademark registrations in direct violation of the Lanham Act, 15 U.S.C. § 1114(1).

41. Defendants have acted with actual or constructive knowledge of Plaintiff's registration of its Trademarks and with deliberate intention to confuse consumers, or willful blindness to Plaintiff's rights.

42. Defendants have made and will continue to make substantial profits and/or gains to which they are not entitled through the use of the Trademarks.

43. As a direct and proximate result of Defendant's acts, including its advertising and promotion utilizing the Trademarks, Plaintiff has been and will continue to be irreparably harmed and damaged in an amount to be determined at trial.

44. Plaintiff's irreparable injury will continue unless Defendant is permanently enjoined from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

45. The foregoing acts of infringement by Defendants in appropriating the Trademarks have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C §1117.

46. Plaintiff is entitled to a preliminary and permanent injunction against Defendant, as well as all other monetary remedies and damages available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and attorney's fees.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

47. Plaintiff reasserts and realleges paragraphs 1-46 as if fully stated herein.

48. Each of the Trademarks are entitled to nationwide protection under the Lanham Act.

49. Defendant has used the Trademarks in connection with near identical goods and services.

50. Defendant's use of the Trademarks is likely to result in confusion, mistake, and deception among consumers as to the source of the goods and services.

51. Defendant's <u>deliberate and intentional conduct</u> is likely to result in continued consumer confusion.

52. Defendant's use of a trade name and logo which is confusingly similar to Plaintiff's Trademarks in connection with identical or highly similar goods and services has, and will continue to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff.

53. Defendant's actions, including its advertising and promotion, constitute a false and/or misleading description about a potential connection between Plaintiff's goods and services that are material, to wit that Defendant is Plaintiff's representation in Boston.

54. Defendant's actions, as set forth herein, constitute false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

55. Defendant has made and will continue to make substantial profits and/or gains to which they are not entitled.

56. As a direct and proximate result of Defendant's acts, Plaintiff has been and will continue to be irreparably harmed and damaged in an amount to be proven at trial.

57. Plaintiff's irreparable injury will continue unless Defendant is permanently enjoined from further violation of Plaintiff's intellectual property rights, for which Plaintiff has no adequate remedy at law.

58. Defendant's acts of unfair competition are willful and this is an exceptional case within the meaning of 15 U.S.C. §1117.

59. Plaintiff is entitled to a preliminary and permanent injunction against Defendant, as well as all other monetary remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and reasonable costs and attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the Court enter judgment against Defendant as follows:

a. For an award of actual damages in an amount to be determined at trial;

b. For an accounting of Defendant's profits;

c. For a judgment that Defendant's actions have been intentional and willful;

d. For reasonable attorney fees and costs under 15 U.S.C. §1117;

e. For pre-judgment interest on all amounts claimed as permitted by law;

f. For an order enjoining Defendants from using, displaying, or sharing any of Plaintiff's trademarks in commerce; and

g. For other such further and different relief this Court may deem proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all claims of the Complaint so triable in this matter.

        Respectfully submitted,

        SLOAN'S CLEMATIS, INC., f/k/a
        SLOAN'S INC., a Florida Corporation,

        By its attorneys,

        */s/ Mariem Marquetti*
        Scott McConchie (BBO# 634127)
        Mariem Marquetti (BBO# 709438)
        Sherin and Lodgen LLP
        101 Federal Street
        Boston, MA 02110
        smcconchie@sherin.com
        mmarquetti@sherin.com
        (617) 646-2000

        Lorri Lomnitzer, Esq.
        *(pro hac vice to be filed)*
        Florida Bar No. 37632
        Lorri@Lomnitzerlaw.com
        Kelly Ann M. desRosiers, Esq.
        *(pro hac vice to be filed)*
        Florida Bar No. 1017878
        Kelly@Lomnitzerlaw.com
        THE LOMNITZER LAW FIRM, P.A.
        7999 N Federal Hwy., Suite 202
        Boca Raton, FL 33487
        (561) 953-9300

Dated:  September 4, 2024

4874-6221-7697.v1