UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-12272-GAO

SLOAN'S CLEMATIS, INC., f/k/a SLOAN'S INC., a Florida Corporation,
Plaintiff,

v.

FORK & KNIFE, LLC, a Massachusetts Limited Liability Company,
Defendant.

OPINION AND ORDER
August 4, 2025

O'TOOLE, D.J.

This suit arises from allegedly infringing use of the plaintiff Sloan's Clematis's trademarks by the defendant Fork & Knife, LLC. Pending before the Court is the defendant's motion to dismiss. For the following reasons, the motion is GRANTED.

**I.      Factual Allegations**

According to the allegations in the complaint, the plaintiff, Sloan's Clematis, Inc., f/k/a Sloan's Inc., is the owner and operator of a restaurant chain "Sloan's," which was established in 1999. It is a novelty ice cream company that provides nationwide shipping in addition to having nine brick-and-mortar locations. It alleges that it "is the owner and operator of an internationally known restaurant chain" with "locations throughout the United States and [it] continues to grow and expand." (Compl. ¶¶ 1–2 (dkt. no. 1).) It claims to have "numerous franchise locations throughout the world and is constantly expanding into new markets within the Unites States." (Id. ¶ 19.) The plaintiff owns three trademarks in connection with goods and services.

In August 2023, the defendant, Fork & Knife, LLC, opened a restaurant known as "Sloane's" in Allston, Massachusetts. It uses, in the plaintiff's characterization, a near identical

version of one of the plaintiff's trademarks and a near identical font that the plaintiff uses in its stylized and graphic marks. The defendant's restaurant features, among other food items, homemade funfetti cakes and homemade ice cream, both of which are within the plaintiff's registered goods and services and are the exact goods and services the plaintiff claims it has become internationally recognized for selling. The plaintiff contends that the defendant is attempting to capitalize on the long-standing goodwill and international fame of the plaintiff's trademarks. As support, it offers an exhibit appearing to be a Google search for "Sloan's Ice Cream Boston" that it claims directs consumers to the defendant. (Id. Ex. F (dkt. no. 1-8).)

Consequently, the plaintiff brought suit alleging trademark infringement under 15 U.S.C. § 1114 and false designation of origin and unfair competition and false description under 15 U.S.C. § 1125(a). The defendant now moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.     Discussion

To state a claim for trademark infringement, a plaintiff must plead: "(1) that its mark is entitled to trademark protection, and (2) that the allegedly infringing use is likely to cause consumer confusion." Bos. Duck Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1, 12 (1st Cir. 2008) (citation omitted). As to the latter element—the only element at issue in consideration of the motion—the First Circuit has interpreted "likely confusion" to require "more than the theoretical possibility of confusion." Id. (quoting Int'l Ass'n of Machinists and Aerospace Workers, AFL–CIO v. Winship Green Nursing Ctr., 103 F.3d 196, 200 (1st Cir. 1996)). That is, the "allegedly infringing conduct must create 'a likelihood of confounding an appreciable number of reasonably prudent purchasers exercising ordinary care.'" Id. (quoting Int'l Ass'n of Machinists, 103 F.3d at 201).

Here, the plaintiff's allegations fail to support an inference that consumer confusion is likely. Simply claiming that it is an international company with nine identified locations that is expanding into unidentified markets is insufficient to plausibly allege that a reasonably prudent purchaser—much less "an appreciable number" of them—exercising reasonable care would be confused by the mark. See, e.g., Moving & Storage, Inc. v. Panayotov, No. CIV.A. 12-12262-GAO, 2014 WL 949830, at *4 (D. Mass. Mar. 12, 2014) (quoting Bos. Duck Tours, 531 F.3d at 12) (dismissing trademark infringement claim because allegations failed to support any inference that confusion by consumers was likely). Although both companies are involved in the food industry and both may offer novelty dessert options, the plaintiff does not "explain the companies' channels of trade, advertising, or consumer base" beyond its "nationwide" and "international" references. See Southgate v. Soundspark, Inc., No. 14-CV-13861-ADB, 2016 WL 1268253, at *4 (D. Mass. Mar. 31, 2016). Similarly, it has not alleged any instances of actual confusion. Compare Bos. Granite Exch., Inc. v. Greater Bos. Granite, LLC, No. 1:11-CV-11898-JLT, 2012 WL 3776449, at *4 (D. Mass. Aug. 29, 2012) (holding that plaintiff had adequately alleged a plausible claim of likelihood of confusion where, in relevant part, complaint alleged several instances of actual customer confusion; that defendant sold same stone products as plaintiff in same geographic area; that they used similar channels of commerce, means of advertising, and domain names and formats; and that they had similar classes of customers). The plaintiff's exhibit with the internet search results does not plausibly suggest actual consumer confusion.

On the face of complaint, customer confusion might conceivably be possible, but it is not plausible that an appreciable number of reasonably prudent novelty dessert purchasers exercising ordinary care would be confused between the parties. A merely theoretical possibility of confusion is insufficient to state a claim.

Consequently, the motion is GRANTED, and the complaint is DISMISSED. The plaintiff's request to amend the complaint is DENIED.

It is SO ORDERED.

                                                            /s/ George A. O'Toole, Jr.
                                                            United States District Judge